IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARCUS E. FOUNTAIN, | ) | Case No. 8:07CV353 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| DENNIS BAKEWELL and State | ) | |
| Attorney General of the State of | ) | |
| Nebraska, | ) | |
| | ) | |
| Respondents. | ) | |

The petitioner has paid his filing fee and the court has now conducted an initial review of the petition for writ of habeas corpus (filing 1) to determine whether the claims made by the petitioner are, when liberally construed, potentially cognizable in federal court. Condensed and summarized for clarity, the claims asserted by the petitioner are these:

Claim One: The petitioner's plea of no contest to charges of first-degree assault and use of a deadly weapon was involuntary and not made with full understanding of the nature of the charges and the consequences of the plea because (1) the petitioner's lawyer promised him a more lenient sentence if he pled and cooperated; and (2) the petitioner's lawyer instructed him to answer in the negative if the court asked the petitioner if any promises were made to induce him to enter the plea.

Claim Two: The petitioner was denied effective assistance of trial counsel because his attorney (1) failed to adequately discuss with the petitioner the seriousness of the offenses and potential defenses to the charges; (2) promised him a

        more lenient sentence if he pled and cooperated; and (3) instructed him to answer in the negative if the court asked the petitioner if any promises were made to induce him to enter the plea.

Claim Three:    The state-court proceedings regarding the petitioner's ineffective-assistance-of-counsel claims resulted in decisions that were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court.

Liberally construed, the court preliminarily decides that Claims 1 and 2 are potentially cognizable in federal court. The court cautions, however, that no determination has been made regarding the merits of the claims, or any defenses to them, or whether there are procedural bars that will prevent the petitioner from obtaining the relief sought.

The petitioner's third claim—that state court decisions were contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court—references language found in 28 U.S.C. § 2254(d)(1). This statute provides a "necessary condition for federal habeas relief" when a habeas petitioner's claim has been adjudicated on the merits in state court, not a separate basis for relief. *Kane v. Garcia Espitia*, 546 U.S. 9, 10 (2005). Rather than being a separate ground for habeas relief, section 2254(d) defines the court's standard of review—that is, "'when a state prisoner files a petition for writ of habeas corpus in federal court we are directed to undertake only a limited and deferential review of underlying state court decisions.'" *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007) (quoting *Morales v. Ault*, 476 F.3d 545, 549 (8th Cir. 2007)). Therefore, Claim 3 shall be dismissed.

The petitioner seeks the appointment of counsel. (Filing 1 ¶ 23.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed *unless* the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See*, *e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). In short, there is no need for the appointment of counsel at this time.

Accordingly,

IT IS ORDERED that:

1. Petitioner's request for the appointment of counsel (filing 1 ¶ 23) is denied without prejudice to reassertion.

2. Upon initial review of the habeas corpus petition (filing 1), the court preliminarily determines that Claims 1 and 2 are potentially cognizable in federal court, as described in the body of this memorandum. The court further finds that Claim 3 is not an independent ground for habeas relief and is dismissed.

3. The Clerk of Court is directed to mail copies of this memorandum and order and the section 2254 petition to the respondent and the Nebraska Attorney General by regular first-class mail.

4. By January 14, 2008, the respondent shall file a motion for summary judgment or an answer. The Clerk of Court is directed to set a pro se

case management deadline in this case using the following text: January 14, 2008: deadline for respondent to file answer or motion for summary judgment.

5. If the respondent elects to file a motion for summary judgment, the following procedures shall be followed by the respondent and the petitioner:

   A. The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

   B. The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

   C. Copies of the motion for summary judgment, the designation, including state court records, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

   D. No later than 30 days following the filing of the motion for summary judgment, the petitioner shall file and serve a brief in opposition to the motion for summary judgment. The petitioner

        shall submit no other documents unless directed to do so by the court.

    E.    No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

    F.    If the motion for summary judgment is denied, the respondent shall file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents shall be filed no later than 30 days after the denial of the motion for summary judgment.  **The respondent is warned that the failure to file an answer, a designation, and a brief in a timely fashion may result in the imposition of sanctions, including the release of the petitioner.**

6.    If the respondent files an answer, the following procedures shall be followed by the respondent and the petitioner:

    A.    No later than 30 days after the filing of the answer, respondent shall file a separate brief. Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of the petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    B.    The answer shall be supported by <u>all</u> state court records which are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the

*Rules Governing Section 2254 Cases in the United States District Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

C. Copies of the answer, the designation, and the respondent's brief shall be served upon the petitioner *except* that respondent is only required to provide the petitioner with a copy of the specific pages of the designated record which are cited in the respondent's brief. In the event that the designation of state court records is deemed insufficient by the petitioner, the petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of respondent's brief, the petitioner shall file and serve a brief in response. The petitioner shall submit no other documents unless directed to do so by the court.

E. No later than 30 days after the filing of the petitioner's brief, the respondent shall file and serve a reply brief.

7. No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

November 28, 2007.              BY THE COURT:

                                s/ *Richard G. Kopf*
                                United States District Judge