IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MARCUS E. FOUNTAIN, | ) | |
| | ) | |
| Petitioner, | ) | 8:07CV353 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| DENNIS BAKEWELL, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

Marcus E. Fountain (Fountain) filed his Petition for Writ of Habeas Corpus (filing no. 1) on September 7, 2007. Because that petition was filed too late, I will grant Respondent's Motion for Summary Judgment. (Filing No. 13.)

It is undisputed that: (1) Fountain was sentenced on the underlying felony case on November 17, 1998; (2) he filed a timely direct appeal to the Nebraska Court of Appeals, the Nebraska Court of Appeals denied the appeal, and the mandate of the Nebraska Court of Appeals was issued on July 21, 1999; (3) no petition for further review was taken to the Nebraska Supreme Court on the direct appeal; (4) on September 22, 2000, Fountain filed a petition seeking state post-conviction relief; (5) on October 14, 2004, the state district court denied the petition seeking post-conviction relief; (5) Fountain filed a timely appeal to the Nebraska Court of Appeals from the denial of post-conviction relief and the Nebraska Court of Appeals denied the appeal on April 6, 2006; (6) Fountain filed a petition for further review with the Nebraska Supreme Court, the Nebraska Supreme Court overruled the petition and the mandate was issued on June 6, 2006; and (7) Fountain filed a petition for writ of certiorari with the United States Supreme Court and the petition was denied on November 6, 2006. (Filing No. 9, Attachments 1-16 (state court records); Filing No. 16, Attach. 1 (additional state court record).)

The statute of limitations in habeas cases "requires a state prisoner seeking a writ of habeas corpus to file his federal petition within one year after 'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'" *Boston v. Weber*, 525 F.3d 622, 624 (8th Cir. 2008) (time between conclusion of direct review of state criminal conviction and filing of an application for state habeas corpus relief counted against one-year limitations period for seeking federal habeas relief, and was not retroactively tolled when state habeas corpus application was filed) (quoting and construing 28 U.S.C. § 2244(d)(1)). While the time is tolled during the period the habeas petitioner is seeking state post-conviction relief, the following times count against the petitioner: (a) the time between the date the direct appeal was completed and the date an application for state post-conviction relief is filed, and (b) the time between the completion of the state post-conviction action and the filing of a federal habeas petition. *Id.* at 624-626.

The statute of limitations in this case began to run no later than July 22, 1999, the day after the Nebraska Court of Appeals' mandate was issued. Because Fountain did not seek further review before the Nebraska Supreme Court, he does not get the benefit of the 90-day period for filing a petition for writ of certiorari with the United States Supreme Court. *Riddle v. Kemna*, 523 F.3d 850, 855 (8th Cir. 2008) (the expiration of time for defendant to seek direct review of appellate court's decision to affirm his robbery conviction, for purposes of determining start date of defendant's one-year limitations period to file for habeas relief in federal court under the Antiterrorism and Effective Death Penalty Act (AEDPA), did not include 90-day period for filing a writ of certiorari in the United States Supreme Court, where the United States Supreme Court could not have reviewed defendant's direct appeal since the defendant did not seek review in the Missouri Supreme Court of the conviction or the Missouri Court of Appeals' decision affirming the conviction).

The foregoing facts dictate that Fountain had to file his Petition in this court no later than July 21, 2000, *unless* he filed a petition for state post-conviction relief before that date. *Boston v. Weber*, 525 F.3d at 624. He did not. Thus, the AEDPA statute of limitation ran against Fountain no later than July 22, 2000.

By the time Fountain filed his petition in this court on September 7, 2007, his habeas action was barred. Because Fountain has provided no basis for equitable tolling of the statute of limitations,

IT IS THEREFORE ORDERED that Respondent's Motion for Summary Judgment (filing no. 13) is granted. A separate judgment shall be issued dismissing this case with prejudice.

July 28, 2008						BY THE COURT:

							*s/Richard G. Kopf*
							United States District Judge